**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**E. THOMAS KEMP**
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| SHANNON N. MAIDEN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A04-1206-CR-330 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE SUPERIOR COURT
The Honorable Gregory A. Horn, Judge
Cause No. 89D02-0908-FA-10

**February 6, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**KIRSCH, Judge**

Following her guilty plea to dealing in a schedule I controlled substance as a Class A felony because the offense occurred within one thousand feet of a school,[1] Shannon M. Maiden appeals her sentence of thirty years executed, contending that it is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Under Article VII, Section 6 of the Indiana Constitution, we have the constitutional authority to review and revise sentences. However, we will not revise the sentence imposed unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). With regard to the nature of the offense, the advisory sentence is the starting point in our consideration of an appropriate sentence for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006). Ind. Code § 35-50-2-4 provides, in pertinent part: "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." Maiden received the advisory sentence for her crime.

Looking at the nature of her offense, we note that although the amounts in the drug transaction were small, the transaction leading to her arrest was conducted in the presence of Maiden's sixteen-year-old daughter (*PSI* at 9), and Maiden admitted to selling heroin in order to subsidize her own addiction. (*PSI* at 6).

Regarding character, while we are sensitive to the serious challenges that Maiden has confronted in her life since childhood, we note that Maiden had a prior conviction for

---

[1] *See* Ind. Code §§ 35-48-4-2(a)(1)(C), (b)(2)(B)(i).

forgery as a Class C felony and that she responded to the court's leniency in imposing a suspended sentence and probation on that occasion by repeatedly violating her probation.

Maiden has not demonstrated that the advisory sentence was inappropriate, and we affirm the trial court.

Affirmed.

MATHIAS, J., and CRONE, J., concur.